IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT WARDRICK | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. MJG-09-3146 |
| | | CRIMINAL NO. MJG-01-0217 |
| UNITED STATES OF AMERICA | * | |
| Respondents. | | |
| | *** | |

**MEMORANDUM**

On September 17, 2002, judgment was entered in this court sentencing Robert Wardrick to concurrent 300 and 120 month terms in the Federal Bureau of Prisons for firearms violations under 28 U.S.C. § 922(g)(1) and 26 § 5861(d).  See United States v. Wardrick, Criminal No. MJG-01-0217 (D. Md.).  The convictions were affirmed on appeal.[1]  On August 23, 2004, the undersigned dismissed Wardrick's 28 U.S.C. § 2255 motion to vacate with prejudice.  See Wardrick v. United States, Civil Action No. MJG-03-3592 (D. Md.).  The appeal was dismissed by the United States Court of Appeals for the Fourth Circuit.  On June 15, 2005, Wardrick's second § 2255 motion was dismissed without prejudice as successive.   See Wardrick v. United States, Civil Action No. MJG-05-1551 (D. Md.).  On May 8, 2007, Wardrick's third § 2255 motion was dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3).  See Wardrick v. United States, Civil Action No. MJG-07-1077 (D. Md.).   The Fourth Circuit has twice denied Wardrick authorization to file a successive § 2255 motion.  See In Re: Wardrick, et al., CA No. 05-363 (4th Cir. July 28, 2005) and In Re: Wardrick, et al., CA No.07-109 (4th Cir. March 8, 2007).

---

[1] See United States v. Wardrick, 350 F.3d 446 (4th Cir. 2003).

On or about November 24, 2009, the Court received for filing Wardrick's latest action, captioned as a "Motion to Dismiss for failure by the Government to State a Claim Upon Which Relief can be Granted." The matter was construed and instituted as a 28 U.S.C. § 2255 motion to vacate.2  Id. at Paper No. 130.

Wardrick seeks dismissal of the indictment with prejudice, claiming that the Government failed to state a claim under Fed. R. Civ. P. 12(b)(6). His pro se claims are difficult to decipher. Wardrick seemingly alleges that: (1) the Government failed to respond to or otherwise rebut his September 17, 2002 affidavit; (2) on October 7, 2006, he served on the Government in open court a verified and actual "Notice by Affidavit," which remains unrefuted; and (3) the affidavit informed the Government of torts and constitutional violations being committed (false arrest and imprisonment, due process violations, and misapplication of statutes). Wardrick appears to claim that he filed a tort claim with the Department of Justice in 2007. He seeks to be "released from the restraint of Respondents."

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "second or successive" petition for relief under § 2255 may not be filed in a district court unless the petitioner first obtains the "gatekeeping" authorization of the court of appeals certifying that the petition conforms to specified statutory requirements. *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A). In the instant case Wardrick has undoubtedly filed a successive motion to vacate. The Fourth Circuit must first enter an order authorizing this Court to consider the successive filing before this Court can examine the merit of Petitioner's claims. See § 2244(b)(3)(A); Felker v. Turpin, 518 U.S. 651 , 664 (1996). It does not appear that Wardrick has complied with this "gatekeeper"

---

2    The Motion was denied by paperless order entered on November 24, 2009.

provision and received Fourth Circuit authorization, and this Court is therefore without jurisdiction to consider another such request. See Evans v. Smith, 220 F.3d 206, 325 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).  The Motion shall therefore be dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3).

    A separate Order follows.


Date:   December 3, 2009                         /s/
                                                          Marvin J. Garbis
                                                          United States District Judge